IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL KONWINSKI,               )
                                 )
               Plaintiff,        )
                                 )
     v.                          )     No.  06 C 2205
                                 )
VILLAGE OF FRANKLIN PARK, et al.,)
                                 )
               Defendants.       )

MEMORANDUM ORDER

Franklin Park Chief of Police Randall Petersen ("Petersen")

has filed his Answer and Affirmative Defenses ("ADs") to the

First Amended Complaint ("FAC") brought against him and other

defendants by Michael Konwinski.  Although the Answer portion of

that responsive pleading conforms to the procedural requirements

of the Federal Rules of Civil Procedure ("Rules"), the ADs do

not.  This memorandum order is therefore issued sua sponte to

require Petersen's counsel to return to the drawing board.

Both Rule 8(c) and the caselaw applying its provisions

identify the ground rules that apply to ADs--in that respect, see

App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D.

276, 279 (N.D. Ill. 2001).  Among other things, the notice

pleading regime that applies to all parties--plaintiffs and

defendants--in the federal system does not countenance a

litigant's employment of an everything-but-the-kitchen-sink

approach that does not adequately inform either opposing counsel

or the District Judge.  In this instance:

1. AD 2, which is the essential equivalent of a Rule 12(b)(6) motion, is not an appropriate AD. If Petersen wishes to assert the legal inadequacy of the FAC, that must be done--and promptly--by a proper motion accompanied by a supporting memorandum.

2. No view is expressed here as to the viability of any of ADs 1, 3, 4 and 6-11. But once again, any of those ADs that Petersen intends to advance must be handled by the prompt filing of a motion together with a supporting memorandum. If and to the extent that is not done, those purported ADs will be deemed to have been waived (or more accurately forfeited).

3. AD 5 is entirely uninformative, a flaw that is invariably tipped off by a claimed AD that begins "To the extent...." If Petersen really has any limitations claim, that must be handled in the same way that has been specified as to the other ADs.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 31, 2006