# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KONWINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06 C 2205 |
| | ) | |
| VILLAGE OF FRANKLIN PARK, a | ) | |
| municipal corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a police officer in Franklin Park, claims that he has been retaliated against because of union activities as vice-president of the Illinois Fraternal Order of Police. According to the complaint, he and another officer, Sgt. Robert Wright, president of the union, have supported an opposition village administration and a different police chief. The current police chief, Randall Petersen, and the deputy chief, Jack Krecker, both defendants, have, as a result, treated them shabbily, to the point where they have claims.

The complaint has five counts. Defendant Krecker has moved to dismiss two, count II, which alleges a substantive due process violation, and count V, which alleges a state law claim for intentional infliction of emotional distress. Both require plaintiff to prove egregious conduct, and ordinarily it cannot be determined on a motion to dismiss whether or not the alleged conduct was sufficiently egregious. Krecker claims, however, that plaintiff has detailed what that conduct supposedly was and, by so doing, has pleaded himself out of court on those counts. So what did plaintiff allege? And what are the respective standards?

Plaintiff alleges that Petersen issued a one-day suspension without pay to plaintiff in

May 2005, and a two-day suspension without pay on September 28, 2005, both matters having been investigated by Krecker. On appeal, the Police Commission in November 2005, reversed the suspensions and ordered an oral and a written reprimand instead. Sometime during that process, Petersen and Krecker agreed to transfer plaintiff out of the detective division and demote him to patrol officer, and Petersen did so on October 4, 2005. According to the complaint, Krecker acquiesced and/or agreed to the suspensions and demotion, knowing that the reasons for them were baseless and motivated by Petersen's desire to retaliate.

It is clear from the complaint that Petersen is allegedly the heavy in this dispute. It is he who had the authority to discipline and "demote," and he did so. Krecker is alleged to be a subordinate who went along, and that is fatal to the count II substantive due process claim. The Seventh Circuit opinions make it abundantly clear that substantive due process is a disfavored concept because it is so formless and unstructured. *See, e.g.*, Christensen v. County of Boone, Illinois, 483 F.3d 454 (7th Cir. 2007); Lee v. City of Chicago, 330 F.3d 456 (7th Cir. 2003); Contreras v. City of Chicago, 119 F.3d 1286 (7th Cir. 1997). A concept that carries as baggage "Dred Scott to Lochner and beyond," Schroeder v. City of Chicago, 927 F.2d 957, 961 (7th Cir. 1991), must be viewed with caution. As Contreras points out, a plaintiff must show that a decision was fundamentally flawed in the sense of being arbitrary and irrational, and that the state (actor) committed a separate constitutional violation or that state remedies were inadequate. False and unjustified disciplinary charges can amount to a substantive due process violation if they were in retaliation for the exercise of constitutional rights, Black v. Lane, 22 F.3d 1395 (7th Cir. 1994), and a demotion far beneath plaintiff's former position may trigger liability, Gustafson v. Jones, 117 F.3d 1015 (7th Cir. 1997). But the decisions were not Krecker's to make, no matter how much he may have cheered from the sidelines, and we see

no basis for extending substantive due process claims to reach those lacking authority to decide. Count II is dismissed.

The state law concept of intentional infliction of emotional distress is also directed against truly egregious conduct. A plaintiff can recover only if the defendant's conduct was extreme and outrageous, the defendant intended to inflict severe emotional distress and knew that there was at least a high probability that the conduct would cause severe emotional distress, and it did. Courts should, moreover, be hesitant to apply the concept in workplace disputes, less common workplace disciplines and disagreements become the fodder of emotional distress claims. <u>Naeem v. McKesson Drug Co.</u>, 444 F.3d 593 (7th Cir. 2006).

Numerous cases discuss conduct that was or was not sufficiently egregious to invoke the concept. We believe, however, that a careful reading of <u>Van Stan v. Fancy Colours & Company</u>, 125 F.3d 563 (7th Cir. 1997), is sufficient for our purposes here. We conclude that Krecker's acquiescence in one-day and two-day suspensions, converted to reprimands upon appeal, cannot rise to the level of intentional infliction of emotional distress. We will not, however, dismiss that part of count V that relates to the transfer to patrol status. We have serious doubts about the reach of the concept to that conduct as well, but this is, after all, a motion to dismiss, and we can imagine scenarios in which the concept might apply. Accordingly, we grant the motion to dismiss count V in part and deny it in part.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 11, 2007.